**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION**

| | |
|---|---|
| AMAZON.COM, INC. and AMAZON DATA SERVICES, INC., <br><br> Plaintiffs, <br><br> v. <br><br> WDC HOLDINGS LLC dba NORTHSTAR COMMERCIAL PARTNERS; BRIAN WATSON; STERLING NCP FF, LLC; MANASSAS NCP FF, LLC; NSIPI ADMINISTRATIVE MANAGER; NOVA WPC LLC; WHITE PEAKS CAPITAL LLC; VILLANOVA TRUST; CASEY KIRSCHNER; ALLCORE DEVELOPMENT LLC; FINBRIT HOLDINGS LLC; CHESHIRE VENTURES LLC; CARLETON NELSON; JOHN DOES 1-20, <br><br> Defendants. | CASE NO. 1:20-CV-484-LO-TCB |
| 800 HOYT LLC, <br><br> Intervening Interpleader Plaintiff, <br><br> v. <br><br> BRIAN WATSON, WDC HOLDINGS, LLC, PLW CAPITAL I, LLC, BW HOLDINGS, LLC, AMAZON.COM, INC., and AMAZON DATA SERVICES, INC. <br><br> Interpleader Defendants. | |

**ORDER APPOINTING RECEIVER AND ORDERING
TURNOVER OF PROPERTY TO THE RECEIVER**

On September 30, 2021, Plaintiffs Amazon.com, Inc. and Amazon Data Services, Inc.

(collectively "Amazon") filed a Motion To Hold Defendants Brian Watson & WDC Holdings LLC

1

In Civil Contempt (the "Motion"). Dkt. 347. On October 27, 2021, having reviewed the arguments and evidence submitted by the parties, the Court entered an Order Granting Plaintiffs' Motion To Hold Defendants Brian Watson & WDC Holdings In Civil Contempt. Dkt. 413 ("Contempt Order"). Pursuant to that Order, and after due deliberation and consideration of the submissions directed therein, the Court finds and concludes as follows:

A. On June 5, 2020, the Court entered the Preliminary Injunction (the "Injunction"), that requires Brian Watson and WDC Holdings LLC dba Northstar Commercial Partners LLC (collectively "Defendants") to: (a) secure $ 21,250,000 through the entry and execution of final judgment in this action by: (i) promptly placing the funds in an escrow account; or (ii) obtaining and depositing in the Court's Registry a surety bond from a licensed bonding company; or (iii) relying on a combination of bond and escrow options; and (b) refrain from transferring, or otherwise disposing of assets used in, or obtained from, any activities relating to Defendants' real property transactions with Amazon in Virginia since 2018. Dkt. 57 ¶¶ 2, 7.

B. On October 27, 2021, the Court issued the Contempt Order finding Defendants in "willful civil contempt" of the Injunction based on Defendant's "willful and knowing failure to comply" with the Injunction. Dkt. 413 ¶ 1.

C. The Contempt Order provides that the Court would separately enter an order appointing a receiver pursuant to 28 U.S.C. § 754 and Fed. R. Civ. P. 66, with the full power of an equity receiver and at Defendants' expense, for the purpose of preventing further irreparable harm to Plaintiffs and coercing Defendants' compliance with the Court's Injunction. Dkt. 413 ¶ 2.

D. On November 3, 2021, pursuant to the Contempt Order, Amazon filed a proposed order and notice containing the name and qualifications of Mark A. Roberts of Alvarez & Marsal North America, LLC ("Mark Roberts") as the proposed receiver. The Court notes that, as of November 23, 2021, this proposed order and notice remains unopposed.

E. Having reviewed the proposed order, notice, and qualifications submitted, the

Court finds that Mark A. Roberts possesses the necessary qualifications and is not an attorney for, or related to, any party in this action.

Based upon the foregoing findings and conclusions, the Motion, and the record before the Court with respect to the Motion, and after due consideration and good and sufficient cause appearing therefor,

IT IS HEREBY ORDERED THAT:

1. Mark A. Roberts is hereby appointed as receiver (the "Receiver") of WDC Holdings LLC dba Northstar Commercial Partners LLC ("WDC"), R. Brian Watson, and the Assets (as defined below).

2. The "Assets" include all of the Defendants' assets, including proceeds, wherever located, including but not limited to, all of Defendants': (a) property, real and personal, tangible and intangible, of whatever kind and description, wherever situated; (b) rights (including rights to payment and distributions), title, and interest, whether now owned or hereafter acquired in, under and to any entity (including, but not limited to, the entities set forth in Exhibit A hereto), including any rights of control, ownership, distribution, and participation ("Subject Entities"); (c) cash and any bank and brokerage accounts; and (d) claims and causes of action of any type, whether in equity or in kind, in contract or pursuant to a promissory note or any other enforceable agreement, in litigation, via settlement, or pursuant to any form of insurance policy or coverage (collectively, "Causes of Action").

3. The Receiver shall file with the Clerk of this Court a bond or letter of credit in the amount of $10,000, either in cash, by firm check, or with sureties approved by the Court, conditioned that the Receiver will well and truly perform the duties of his office and duly account for all monies and properties which may come into his hands and abide by and perform all things which he shall be directed to do under this Order and that he, in the exercise of his authority under

this Order, determines Defendants are obligated to do with respect to Assets within the purview of this Order.

4. Defendants, and their officers, directors, partners, managers, agents, servants, employees, representatives, attorneys, and all persons in active concert or participation with them who receive notice of this Order by personal service or otherwise, shall immediately deliver to the Receiver: (a) any and all Assets in the possession or under the control of any one or more of them; (b) all of Defendants' past records, including, without limitation, accounting records, disbursements, banking records, and any other books and records for the period from June 5, 2020 through the date of this Order; (c) all of Defendants' past records, including, without limitation, accounting records, disbursements, banking records, and any other books and records requested by Receiver for periods beyond the period prescribed in (c) above; (d) copies of all material contracts to which any Defendant is a party and all operating agreements for any limited liability company and organizational documents for any Subject Entity; and (e) copies of any complaint filed against, or written demand or claim issued to, any of the Defendants or any Subject Entity.

5. Until further order of this Court, the Receiver is hereby authorized forthwith to take any actions he deems necessary to the proper and lawful discharge of his responsibilities under this order and the conduct of Defendants, including the following:

    a. Take any actions necessary to take complete and exclusive control, possession and/or custody, to the extent applicable or to the extent the Receiver deems necessary, of the Assets, and of any proceeds thereof, to the extent necessary to ensure compliance with the Court's Injunction;

    b. Take possession of, preserve, insure, protect, and manage the Assets, in whole or in part, whether in the ordinary course or otherwise, in each case as determined by the Receiver, or otherwise by contract with respect to all or a portion thereof, including, but not limited

Case 1:20-cv-00484-LO-TCB   Document 433   Filed 11/23/21   Page 5 of 13 PageID# 13487

to: (a) employing advisors, professionals, employees, brokers, auctioneers, appraisers, agents, clerks, outside accountants, attorneys, and other suppliers of goods and services and paying for them at ordinary and usual rates from the Assets; and (b) maintaining, insuring, assembling, and protecting the Assets;

        c.       Maintain access to and exclusive control of each of Defendants' bank and brokerage accounts, provided that Receiver may authorize and approve, in his sole discretion, expenditures by Watson that either Watson or a designated officer of WDC presents and documents to Receiver as reasonably necessary to the continued operation or preservation of WDC, or to the discharge of its responsibilities or obligations, as a going concern, and that Receiver may also authorize and approve, in his sole discretion, a monthly budget of $10,000 for Watson's personal expenses, subject to the Receiver's authority to approve, in his sole discretion, advance written requests for specific personal expenditures in excess of this amount up to a monthly total of $50,000, with any personal monthly expenditures in excess of $50,000 in the aggregate requiring approval of the Receiver as well as at least three business days advance notice to, and approval by, the Court;

        d.       Make all payments and transfers of Assets in satisfaction and compliance with the Injunction and, to the extent necessary to make such payments, borrow funds and repay any funds borrowed from the leverage or proceeds of the Assets;

        e.       Prosecute, settle, compromise, collect, and otherwise enforce any claims or Causes of Action by Defendants against any other party without need for further approval or consent of any person; provided, however, that any compromise of claims or Causes of Action in the original face amounts in excess of $100,000 shall require notice to Defendants and Amazon and either: (i) consent of all such parties, or (ii) approval by this Court;

  f. Alter the place of payment and the method of collection of any receivables or other amounts due directly or indirectly to the Defendants where the Receiver deems such changes reasonably required to ensure proper application of such payments and collections;

  g. Communicate with any person or entity and obtain any information and documents the Receiver deems necessary or useful in furtherance of this Order or the Injunction;

  h. Provide quarterly reports to Defendants and Amazon and the Court detailing the Receiver's disbursements for paying the costs incidental to the receivership activities encompassed by this Order, any payments to or for the expenses of Defendants, and describing the Receiver's activities and the financial and operational status of Defendants;

  i. Sell publicly traded securities and sell other Assets to generate cash available to fund the escrow account or secure a bond in compliance with the Injunction (or to pledge securities and other Assets to secure such bond), provided that any sales or pledge of Assets valued at more than $50,000 at the time of same other than publicly traded securities shall be completed only after notice to Defendants and Amazon and either: (i) consent of all such parties, or (ii) approval by this Court;

  j. Exercise, subject to the limits of this Order including the requirements for Court approval of certain disposition, the full authority, with power of attorney on behalf of and in the name of Defendants, to: (a) execute and deliver any and all of the documents, including, but not limited to, contracts, brokers' or advisors' retention agreements, purchase and sale agreements, deeds of conveyance, closing statements, settlement statements, affidavits requested by title companies, and any other documents necessary or helpful to the performance of the Receiver's duties as more fully set forth herein; (b) sign on behalf of Defendants any such documents; (c) sign on behalf of Defendants any invoices, or notices to account debtors, or contracts necessary or helpful to the performance of his activities provided for herein; (d) endorse

6

on behalf of any Defendant any negotiable collateral that may come into the possession or control of the Receiver; (e) initiate, defend, make, settle, and/or adjust all claims under Defendants' policies of property or other insurance and make all determinations and decisions with respect to such policies of property or other insurance, and notify any and all insurers under any such policies of property or other insurance that any proceeds paid thereunder shall be paid to the Receiver until such time as such insurance carriers are advised to the contrary by this Court or until such insurance carriers receive a certificate issued by the Clerk of this Court evidencing a final dismissal of this action following a final judgment on the merits or settlement of all claims with Amazon; (f) institute, defend, settle and/or adjust disputes and claims respecting the Assets, including any claims to avoid transfers made with the purpose or effect of diminishing Defendants' capacity to comply with the Injunction and any claims to recover amounts that were both related to the Amazon transactions and disbursed in violation of the Injunction after it was entered on June 5, 2020, for amounts and upon terms that the Receiver determines to be reasonable; (g) obtain, review and analyze any past records, including, without limitation, accounting records, disbursements, banking records, and any other books and documents in furtherance of the Receiver's duties hereunder; (h) pay prior obligations incurred by the Defendants, by their agents, officers, directors, partners, managers, and servants, or any other person or entity charged with the responsibility of maintaining and operating the Assets, if such obligations are deemed by the Receiver to be reasonably necessary or advisable, subject in all respects to this Order and the Injunction; and (i) cause to be executed and delivered any documents and releases that Receiver determines to be reasonably necessary, and at all times consistent with the terms of this Order. The appointment of the Receiver as Defendants' attorney-in-fact with respect to the Assets, and each and every one of his rights and powers, being coupled with an interest, is irrevocable until the receivership is discharged by this Court;

k.	Exercise the full authority, as attorney-in-fact, on behalf of and in the name of Defendants, to: (a) take any and all actions that may be required or desirable to preserve, renew and maintain the legal existence and good standing of Defendants, as applicable, in such jurisdictions where they conduct business; (b) take any and all actions that may be required or incidental to preserve, renew and maintain the qualification and authority (including any applicable licenses and regulatory authority) to do business and good standing in each other jurisdiction where it is necessary or desirable for Defendants to conduct business paying applicable franchise taxes; (d) execute and deliver any and all documents, reports, or other forms in furtherance of the Receiver's responsibilities herein; and (e) engage in all actions reasonable or necessary to accomplish the foregoing responsibilities;

l.	Incur the risks and obligations ordinarily incurred by owners, managers, and operators of similar businesses and enterprises, and no such risk or obligation so incurred shall be the personal risk or obligation of the Receiver, but rather a risk or obligation to be paid solely from the receivership Assets;

m.	(i) take possession of and receive any money on deposit from any banks with which any Defendant maintains accounts, and upon the receipt by the Receiver of said funds, to discharge any bank from further responsibility for accounting to any Defendants for funds which the Receiver has taken; and (ii) issue demands for the freezing and turnover of funds to any financial institution or title company (or escrow agent), in each case, where determined by Receiver to be necessary or appropriate to comply with the terms of the Injunction or this Order;

n.	Delete the authorized signatories on any account of Defendants and replace the same with the name of the Receiver or his designee;

o.	Take possession of, or obtain access to, the books, papers, records, invoices, and receipts of Defendants on a continuing basis, including without limitation Defendants'

8

electronic mail and other electronic correspondence (including any servers containing the foregoing);

      p.    Take possession of, and obtain access to, all books, records, documentation of any kind or nature, financial documents, contracts, bills or invoices of vendors (or other documents that describe the work such vendors performed and the amounts due and owing to them), and other documents, including copies of all records or documents on electronic media or in computer memory, wherever located; <u>provided, however</u>, nothing contained in this Order shall result in a waiver of any attorney privilege held by any of Defendants; and

      q.    Collect and process all inbound mail addressed to any Post Office Box owned or controlled by any Defendant (or any managers or registered or other agents acting on behalf of any Defendant) if the mail is addressed to any Defendant or any Defendant's officer, manager, or registered agent.

    6.    Until further Order of the Court, Defendants and all persons acting on behalf of or in concert with Defendants are enjoined from taking any of the following actions:

      a.    Selling, transferring, assigning, encumbering, disposing of, or otherwise impairing any Asset, except as permitted by the limited provisions for capped business and personal expenditures expressly set forth herein, without authorization from the Receiver, who, for the avoidance of doubt, shall authorize transactions that the Receiver deems consistent with the terms of the Injunction and this Order or are directed by the Court;

      b.    Modifying, amending, transferring, selling, assigning, revoking, returning, terminating or canceling any contract or agreement related to the Assets without the express written consent of the Receiver,

      c.    Interfering with, obstructing, or preventing in any way, the Receiver's actions pursuant to this Order;

        d.        Interfering in any other way with the Receiver, directly or indirectly.

7.        Any money or other Assets coming into the possession of the Receiver and not expended for any of the purposes authorized herein shall be remitted, as necessary and appropriate, to satisfy Defendants' obligations under the Injunction.

8.        The Receiver shall be exclusively vested with: (a) all the powers of officers, directors, members, and/or managers (as applicable) of Defendant WDC Holdings LLC to take (or refrain from taking) any and all actions on behalf of WDC Holdings LLC and (b) each of Defendants' rights and powers to act on behalf of any other entity (including as an officer, director, manager, or equity holder), to direct such other entity to take (or refrain from taking) any action in furtherance of the terms under the Injunction and this Order, in each case, until further Order of the Court.

9.        The Receiver shall have no liability to any party, unless the Receiver has been found by this Court or another court of competent jurisdiction (after the conclusion of any appeals and further rights of appeal) to have engaged in willful misconduct, fraud, gross negligence, or conversion. Subject to the foregoing, any debts, liabilities, or obligations incurred by the Receiver in the course of this receivership, including the operation or management of the Assets, whether in the name of the Receiver or the Assets or the receivership estates, shall be the debt, liability, and obligation of the receivership estate only and not of the Receiver or any employee or agent thereof personally. All who are acting, or have acted, on behalf of the Receiver at the request of the Receiver, are protected and privileged with the same protections of this Court as the Receiver enjoys.

10.        To the extent that there is any disagreement arising between the Receiver and Amazon or Defendants in connection with the matters relating to this receivership, this Court shall have jurisdiction to resolve such disputes.

11. All persons, including employees, agents, creditors, banks, investors, or others, with notice of this Order, are enjoined from in any way disturbing the Assets and from prosecuting any actions or proceedings designed to collect their debts or which involve the Receiver or which affect the property of Defendants, to the extent that the same would interfere with or disturb these receivership proceedings, without the permission of this Court; provided, however, that nothing herein shall preclude any party with standing from seeking relief from this Order on proper application and after notice and a hearing. Any actions in violation of this Paragraph shall be null and void as acts in contravention of this Order.

12. The Receiver is hereby authorized to defend, compromise and adjust any actions or proceedings in state or federal courts or other tribunals, including agency or mediation proceedings, now pending or hereafter instituted by Defendants or their agents, as the Receiver may in his sole discretion deem advisable or proper for the protection of the Assets and in furtherance of the Injunction and this Order; and to investigate, institute, prosecute, compromise and adjust actions in state or federal courts or other tribunals, including agency or mediation proceedings, as the Receiver may in his sole discretion deem advisable or proper to recover Assets or proceeds thereof improperly or unlawfully held by any person, including but not limited to Defendants; and in that connection the Receiver is hereby indemnified and held harmless by the receivership estate for any judgment, costs, or expenses suffered or incurred by him or any of his agents or attorneys as a result of actions instituted against him or them in relation to the discharge of their duties aforesaid or in carrying out or furtherance of this Order; provided, however, that nothing herein shall be construed to indemnify the Receiver to the extent that any judgment, costs, or expenses that has been found by this Court or another court of competent jurisdiction (after the conclusion of any appeals and further rights of appeal) to have arisen from the gross negligence, willful misconduct, or fraud of the Receiver or any of his agents or attorneys.

11

13. It is the intent of the Court that this Order apply to all Assets.

14. The Receiver shall make available to Amazon and the Defendants, for inspection and copying, any and all books and records of Defendants relating to the Assets, now or hereafter in existence.

15. The Receiver shall keep Amazon and the Defendants apprised at reasonable intervals, and at least once each quarter, of all information and developments concerning the operation of the receivership, until the receivership is terminated.

16. The Receiver shall maintain accurate accounting and other records of its activities in connection herewith, and shall file reports detailing the results from collections, operations, and distributions of the Assets on a quarterly basis or as subsequently ordered by the Court.

17. The Receiver and his employees, advisors, agents, and professionals shall be compensated, without further order of this Court, for services at their standard hourly rates, plus reimbursement of all reasonable and necessary out-of-pocket expenses. All such fees and expenses shall be payable from the Assets, which as defined herein include insurance policies applicable to this and other litigation. The Receiver shall be authorized to obtain insurance coverage, including, but not limited to, coverage with respect to the liabilities, duties and obligations of the Receiver hereunder (in the form of an errors and omissions policy, general liability, or otherwise), as the Receiver deems reasonably necessary or appropriate, the costs of which shall be payable from the Assets.

18. The Receiver shall be entitled to resign upon 30 days' advance written notice to Amazon, the Defendants, and the Court, in which case a successor Receiver shall be promptly appointed by the Court. Nothing in this Order shall require the Receiver to continue in his services hereunder in the event the Assets are insufficient to pay the fees and expenses of the Receiver and his professionals in the ordinary course. In the event any fees or expenses of the Receiver or his

professionals remain unpaid upon resignation, or if any indemnity obligation payable to the Receiver under this order remains unsatisfied, and no immediately available funds from the Assets are available to pay such amounts, the outstanding fees or expenses of the Receiver and his professionals, and any applicable indemnity obligation owing hereunder, shall be payable promptly by Amazon upon written request.

19. This Court shall retain exclusive jurisdiction over any matter or dispute arising from or relating to the interpretation or implementation of this Order.

IT IS SO ORDERED.

DATE: Nov 23, 2021

_____
Judge Liam O'Grady
United States District Judge